JUDGE PETERS
delivered tee opinion oe tee oouiit:
Appellant brought this action in the Warren circuit court on the 5th of July, 1885, against appellee, for the price of a quantity of wood sold by him to it.
Jn a few days after the institution of the action, the summons was served on the agent of appellee in Warren county; and, at the succeeding term of said court, James Guthrie, as appellee’s president, appeared and filed his answer to the merits of the action, neither calling in question nor contesting the jurisdiction of the court.
The cause was continued on the docket until the February term, 1867, of said court, when there was a trial upon the mexits, and a verdict rendered ixx favor of the plaintiff for two thousand dollars. On grounds filed, and a motion thereof, a new trial was awarded appellee.
A year thereafter, at the February term, 1868, of said couit, appellee filed an amended answer to the merits .of the action, and a jury was sworn, and heard the evidexice; but, failing to agree, was discharged, and the cause continued.
At the August tei’m, 1868, appellee filed a demurrer to the petition, the ground of which, as stated in the demurrer, is, that, “ it appears from the petition that the court has not jurisdiction of the said case.”
The demurrer was sustained by the court below; and appellant, having declined to plead fui'ther, his petition was dismissed, and he appealed.
It is insisted for appellee, that as appellant’s action, beiixg based on a contract for an alleged sale of wood to it, that the Warren circuit coux’t had xxo jurisdiction of the case, but that the action should have beexx brought in such court of Jefferson county as had jui’isdiction over the subject-matter of the action; axxd sections 93, 101, *621 and 102 of Civil Code/are relied upon as sustaining that position.'
Section 101, supra, is as follows: “An action, other than those mentioned in sections 93 and 94, against a corporation created by the laws of this State, may be brought in the county in which it is situated, or has its principal office or place of business, or in which its chief officer resides; but if such corporation is a bank or insurance company, the action may be brought in the county in which there is a branch of the bank or agency of the company, where it arises out of a transaction of such branch or agency.
The other two sections referred to need not be quoted, as they direct where actions arising for the causes as therein enumerated may be brought, which enumeration does not embrace the cause of action set out in this petition, and are referred to by the counsel of appellee to show that it is not embraced in either of said sections.
In argument it is said that the petition “ does not show any fact by way of averment to give the Warren circuit court” jurisdiction, and this court will take judicial notice of the fact that the chief officer of appellee resides in Jefferson county, and its principal office is kept in said county; and in support of this proposition the case of Commonwealth vs. Palmer (2 Bush, 570) is cited and relied on as authority.
The facts stated in the petition show very conclusively that the Warren circuit court had jurisdiction of the subject-matter of the action. There is no averment in the petition that the jurisdiction is local; but, on the contrary, the facts alleged show that it- is transitory, and if the Warren circuit court had not jurisdiction of the person of appellee (for it is a person in law, though artificial), it is because that jurisdiction is denied to *622 appellant by section 101, Civil Code, supra. Bat if that be so, two preliminary questions are presented : 1st. Can the want of jurisdiction in that court be taken advantage of by demurrer? and, 2d. If it could have been, was it not waived by pleading to the merits ?
By section 120, Civil Code, the grounds of demurrer are enumerated, and are as follows: The defendant may demur to the petition, where it appears on its face, either — 1st. That the court has no jurisdiction of the person of the defendant, or the subject of the action; or, 2d. That the plaintiff has no capacity to sue; or, 3d. That there is another action pending between the same parties for the same cause; or, 4th. That there is a defect of parties plaintiff or defendant; or, 5th. That the petition does not state facts sufficient to constitute a cause of action.
Section 123 provides, that when any of the matters enumerated in section 120 do not appear upon the face of the petition, the objection may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection 'to the jurisdiction of the court over the subject of the action, and the objection that the petition does not state facts sufficient to constitute a cause of action.
It certainly does not appear on the face of the petition in this case who was the president or chief officer of appellee, nor where he resided, nor where its principal office or place of business is situated; but the distinguished counsel says the court must take judicial notice of these facts, and, therefore, they need not appear on the face of the petition for the purpose of the demurrer.
In this opinion we cannot concur with counsel, for several reasons: first, to do so, we must disregard an *623 express provision of the Civil Code, the direct and expressed legislative will on the subject; and, in the next place, the omitted facts from the face of the petition cannot be such as this court could take judicial cognizance of. They have not the slightest analogy to the facts referred to in the case of the Commonwealth vs. Palmer, supra.
It would be carrying the doctrine far indeed — too far— to say, that, because this court must have judicial knowledge that, during a rebellion, a military commander in this State was inciting a spirit of servile insurrection amongst the slaves, encouraging them to escape from servitude, under assurance of military protection, and requiring owners, officers, and agents of railroads, steamboats, and public conveyances of all sorts, to transport them from place to place, under peril of confinement in the penitentiary — -all of which he could enforce by military power — links in the chain of events which severed the relation of master and slave in the State, changed one of the institutions of the country, and the destiny of a race of people : the court must judicially know who are the chief officers of corporations in the State, their respective residences, and where their principal offices or places of doing business are located.
But a plea to the jurisdiction, after a defense to the merits of the action, unless for want of jurisdiction over the subject-matter of the action, comes too late. A defense to the merits amounts to a waiver of the objection to the jurisdiction over the person of defendant; and this is the common law doctrine on the subject.
Wherefore, the judgment is reversed, and the cause is remanded, with directions to overrule the demurrer to the petition, and for further proceedings not inconsistent with this opinion.