## S. G. REID *v.* JOHN S. CAIN ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—329.]

Jurisdiction.

> A party can not join a cause of action at law against one party with averments constituting an equitable cause of action against him and other parties, and by doing so obtain jurisdiction of the former to try the action at law in a distant county from his home, unless he obtains judgment against the defendants who reside or are summoned in the county where the suit is brought.

APPEAL FROM BOURBON CIRCUIT COURT.

October 15, 1881.

OPINION BY JUDGE HARGIS:

The judgment in favor of *Field v. Kentucky Union R. Co.* was upon notes which were placed upon the footing of bills of exchange in so far as to deprive the appellant, Reid, or the appellee company of asserting any equitable defenses which they might have had to the notes before they were assigned to Field, unless he had notice of the asserted equities or had fraudulently combined with Cain to cheat the appellant. Neither the alleged notice nor the charge of fraud is proven, and as neither can be presumed, but must be proven, the court properly dissolved the injunction and dismissed the appellant's action against Field and the company.

The process was served upon the appellee, Cain, in Jefferson county and the appellee company in Bourbon where the suit was brought. The court had jurisdiction of the subject of the action and the persons of all the defendants on the issues of fraud and notice to Field; but as they were decided against the appellant, he had left no other cause of action stated in his petition, but upon the written contract of November 4, 1874. As the remedy

for its breach is complete at law we are of opinion that the court did not err in dismissing the action as to Cain without prejudice. He objected to any judgment against him, and, the appellant failing to establish his cause of action against his codefendants, he was not entitled to hold Cain in the jurisdiction of a county in which he was neither served nor resided, to try an action purely at law, which was brought in equity for the purpose of obtaining jurisdiction.

A party cannot join a cause of action purely at law against one party with allegations which constitute an equitable cause of action against him and other parties, and thus obtain jurisdiction of the former to try the action at law in a distant county from his home, unless he obtains judgment against the defendants who reside or are summoned in the county where the suit is brought.

It is not necessary, therefore, to construe the written contract or ascertain the rights of the parties to it.

Wherefore the judgment is *affirmed*.

*Prall & Dickson, for appellant.*

*Beck & Thornton, for appellees.*

[Cited, *Burt & Brabb Lumber Co. v. Bailey*, 22 Ky. L. 1264, 60 S. W. 485; *Louisville Home Tel. Co. v. Beeler's Admx.*, 125 Ky. 366, 101 S. W. 397.]