Chesapeake, Ohio & Southwestern Railroad Co. v. Heath's Adm'r.

CASE 98—PETITION ORDINARY—DECEMBER 8.

# Chesapeake, Ohio & Southwestern Railroad Co. v. Heath's Adm'r.

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

1. OBJECTION TO JURISDICTION—APPEARANCE.—Where the defendant files an answer merely for the purpose of insisting that the court has no jurisdiction of his person for the want of proper service of process, he does not thereby enter his appearance to the action, and the court has no right to require him to answer to the merits if he has not in fact been served with process. And this is true whether the action be transitory or local.

This action against a railroad company to recover for the death of plaintiff's intestate, alleged to have been caused by the willful neglect of defendant, was brought in the county where the injury occurred, and process issued to that county, and returned executed on K., "the agent of the company." The defendant filed an answer stating that K. was not the agent of the company, and asking that the action be abated. A demurrer to this answer was sustained, and defendant then moved to quash the return on the summons. The court sustained this motion, but required the defendant, over its objection, to plead to the merits upon the ground that the answer previously filed was an appearance to the action; and a trial resulting in a judgment for plaintiff, this appeal is prosecuted. *Held*—That there was no appearance, and the objection to the jurisdiction was not waived by the filing of the answer to the merits under protest.

2. TRANSITORY ACTIONS.—Such an action is both a local and a transitory action; it is transitory because it may be instituted in another county

652 KENTUCKY REPORTS. [VOL. 87.

Chesapeake, Ohio & Southwestern Railroad Co. v. Heath's Adm'r.

than that in which the tort was committed, as provided by section 72 of the Code, and its chief officer or agent may be served in any county where he may be found; and it is made local merely at the option of the plaintiff. But whether it is a local or a transitory action, is not a material inquiry in this case.

3. APPEALS.—No service of process will be necessary upon the return of the case, the defendant being in court by the appeal.

HOLMES CUMMINS FOR APPELLANT.

A plea in abatement to the jurisdiction of the court for want of service of process is not an entry of appearance for any other purpose than to test that question. (Harkness v. Hyde, 98 U. S., 476; Barbour v. Newkirk, 7 Ky. Law Rep., 555; Graham v. Spencer, 14 Federal Rep., 603.)

L. D. HUSBANDS FOR APPELLEE.

A defendant who appears and files answer questioning the jurisdiction of the court on the ground that there has been no sufficient service of process brings himself before the court for all purposes. (Dyas v. Lindsey, 4 Bush, 350; 8 Dana, 68; 1 Bibb, 430.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

If the preliminary motion made by the appellant in the court below affecting the question as to the summons on the alleged agent should have been sustained, it dispenses with the necessity of investigating the merits of the controversy.

This is an action by the personal representative of A. J. Heath to recover damages for the death of his intestate, caused, as is alleged, by the willful negligence of the defendant, the Chesapeake, Ohio and Southwestern Railroad Company. The petition was filed in the circuit or common pleas court of Mc-Cracken county, where the injury occurred, causing, as is maintained, the death of Heath, and a summons as in ordinary actions duly issued, directed to the sheriff of that county, who returned it *executed* on A. Kirkland, the agent of the company. The company

appeared by its attorney at the term succeeding the service of the summons on Kirkland, and filed the following answer :

"The defendant, Chesapeake, Ohio and Southwestern Railroad Company, states that it had no officer, agent or servant in this county at the time of the service of process herein on A. Kirkland, and that said Kirkland, at the time process herein was served on him, to wit: February 15, 1886, was not the agent, servant or officer, or in the employ of defendant. That defendant's principal office and place of business at that time, and during the month of February, 1886, and now, is in the city of Louisville, Jefferson county, Kentucky. That defendant, at the time process herein was served as aforesaid on A. Kirkland, had no officer, agent or servant in the State of Kentucky, except in Louisville, Jefferson county, Kentucky, and its chief officer, agent and servant, John Echols, vice-president of defendant company, now resides in Louisville, Jefferson county, Kentucky, and resided there at the time of service of process herein on A. Kirkland. That this court has no jurisdiction of defendant. And defendant pleads and relies on the facts stated herein in abatement of this action, and asks that the process herein be quashed and this action be abated."

The plaintiff demurred to the answer and the demurrer was sustained, to which the defendant excepted.

The defendant (appellant) then moved to quash the return on the summons, and in support of the motion filed the affidavit of Kirkland to the effect that he was not the agent, officer or employe of the company at the time the summons was served upon him, and this motion was sustained.

The court below, however, after sustaining this motion and adjudging, in substance, that no summons had been served, required the corporation to plead to the merits of the action over its objection, on the ground that the answer previously filed, asking that the action be abated because of the want of service, was an appearance to the action, and the motion to quash the return on the summons came too late. The defendant then, under protest, filed an answer, raising an issue that resulted in a trial on the merits, and in a verdict and judgment for the plaintiff.

Section 73, Carroll's Code of Practice, provides: "Excepting the actions mentioned in section 75, an action against a common carrier, whether a corporation or not, upon a contract to carry property, must be brought in the county in which the defendant, or either of several defendants, resides, or in which the contract is made, or in which the carrier agrees to deliver the property. An action against such carrier for an injury to a passenger, or to other person or his property, must be brought in the county in which the defendant, or either of several defendants, resides, or in which the plaintiff or his property is injured, or in which he resides, if he reside in a county into which the carrier passes."

Section 74 provides: "Every other action for an injury to the person of the plaintiff, and every action for an injury to the character of the plaintiff, against a defendant residing in this State, must be brought in the county in which the defendant resides, or in which the injury is done."

By section 51 of the Code, the summons in a case

like this "may be served in any county on the defendant's chief officer or agent, or it may be served in the county wherein the action is brought, upon the defendant's chief officer or agent who resides therein, or if the defendant operate a railroad, it may be served upon defendant's passenger or freight agent, stationed at or nearest to the county seat of the county in which the action is brought."

In this case it is conceded, and the court below has so adjudged, that the summons was never served on any agent of the company, and the fact plainly appears that the defendant never pleaded to the merits of the action until he had previously filed the answer setting forth the fact that no service had been had, and, therefore, the court had no jurisdiction of the defendant. The action was in one sense made local at the option of the plaintiff or the party injured; that is, he might file his action in the county where the injury occurred if he saw proper, and a service of process might have been had on the chief officer in any county in the State, or on the agent residing in the county, or if a railroad, on the passenger or freight agent stationed nearest to the county seat of the county in which the action is brought; but in this instance no effort was made to show that process had been served on any person representing the company as agent, either in the county or out of it.

Where the action for the personal injury survives, or where the personal representative may recover for the personal injury, or for the death of the intestate, he may sue in the same manner and in the same jurisdiction that the party injured could have sued if he had survived the injury.

The action, therefore, being both local and transitory, the common pleas court of McCracken county had jurisdiction of the subject-matter, and could have rendered a personal judgment if there had been any service on the defendant as provided by the Code.

The plea or answer of the corporation asserted that the McCracken Court of Common Pleas had no jurisdiction of the defendant, because no process had been served. No other question of jurisdiction was made; and whether the written statement by the defense is called an answer or plea is immaterial, for it was only an appearance for the purpose of insisting that the court had no jurisdiction over the person for the want of a proper service.

One of the grounds of a special demurrer under section 92 of the Code is, that the court has no jurisdiction of the defendant, or of the subject-matter of the action. A special demurrer could not have been filed in this case, because there was nothing on the face of the petition, or any part of the record, showing that there was a want of jurisdiction as to the defendant, but, on the contrary, the petition and the summons returned executed on the agent, showed the court had jurisdiction of the person, and having jurisdiction of the subject-matter, there was nothing to prevent a trial on its merits. The defendant not having been served with process, but knowing the return made by the sheriff, had to make that fact known in order to stay the proceedings until process was served. The usual mode of proceeding under the general practice of the courts in such cases is, to move to quash the return made by the sheriff; but the defendant in this case

followed the provisions of the Code, section 118, and by a proper pleading set forth the facts, showing that the court had no jurisdiction of the defendant. That section provides: "A party may, by an answer or other proper pleading, make any of the objections mentioned in section 92, the existence of which is not shown by the pleading of his adversary, and failure so to do is a waiver of any of said objections, except that to the jurisdiction of the court of the subject of the action."

In this case, however, the motion to quash was sustained, but the answer filed, showing why the court had no jurisdiction of the defendant, was held to be an appearance to the merits, or a waiver of the right to raise that question. We think, in filing the answer the defendant was following the plain provision of the Code on the subject. This action is as much a transitory as local action; in fact, is a transitory action, because it may be instituted in another county than that in which the tort was committed, as provided by section 72 of the Code, and its chief officer or age n may be served in any county where he may be found, and is localized merely at the option of the plaintiff who is injured. It is for his benefit, and the law enacted to prevent the mischief that often results in requiring the party injured to leave the place of the injury in order to bring his action, and to find some one on whom process may be served. It is not a material inquiry, however, whether it is a local or transitory action; in either case the service must be had, and upon the proper person, in order to obtain a judgment. In an action on a note by A against B, where both live in the same county, the summons is served on A

vol. 87—42

and returned as on B.   B finds that judgment is about to be rendered against him, and files a statement or answer that no judgment should be rendered, because of the mistake on the part of the officer in his return, and asks that the action be abated.   In such a case it will not be pretended that this was an appearance for any other purpose than to show the court had no jurisdiction to render a judgment against the defendant.   Treating the action in this case as purely local, like the action for the recovery of real estate, and it is as much necessary to have an actual service as in the case of a note.   The court, in order to render a valid judgment *in personam*, must have jurisdiction of the subject-matter, and also jurisdiction of the person.

The jurisdiction of the person can be acquired only by an actual service or by a voluntary appearance, and where jurisdiction is about to be exercised in a case where the service has been wrongfully made, it is not only the duty, but the right, of the defendant to appear and make the question of jurisdiction over him, by showing, if he can, that no process has been served, and, in such a case, it has never been held, where this was the only question raised, that it was an appearance to the whole action.   Any other rule would enable a plaintiff, in either a local or transitory action, to acquire jurisdiction by a wrongful service, by claiming that the defendant, in making the question, had entered his appearance.

Counsel for the appellant are not insisting, as we understand them, that the common pleas court of McCracken has no jurisdiction over the subject-matter.

This they admit, and their contention is, that in the absence of the service of process, the court of common-pleas had no jurisdiction over the defendant, and, therefore, the action should abate. To enforce the jurisdiction over the subject-matter, jurisdiction must also be obtained over the defendant, if a personal judgment is desired, for without it no personal judgment can be rendered, whether the action is local or transitory. In the case of Baker v. Louisville & Nashville Railroad Company, 4 Bush, 619, the company was sued, and process served on the agent. The company pleaded to the merits, and, after doing so, attempted to raise the question of jurisdiction. This court said that, after such a defense, it was a waiver of the jurisdiction over the person of the defendant. This is the correct doctrine, and more aptly stated by Mr. Justice Field in Harkness v. Hyde, 98 U. S., 476, in which he says : "Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection waived when being urged it is overruled, and the defendant thereby compelled to answer. * * It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

It is not a voluntary appearance by the defendant in making this objection, and when informed that the action is against him, and such a service made by the officer, instead of looking on and seeing a judgment rendered that he must necessarily assail as void, when attempted to be enforced, he should stay the proceed-

ings before judgment by making known the irregularity of the service; and while his failure to do so might not amount to a confession of judgment, in a case like this, where service is authorized to be made on the agent, the failure of those conducting the affairs of the corporation, with a knowledge of the illegal service, to apprise the court or plaintiff of that fact, would be strong presumptive evidence, on the trial of a proceeding to set aside or vacate the judgment, of the legality of the service.

The appellant in this case has taken every step to prevent a judgment upon it without service, and has made no plea to the jurisdiction of the court as to the subject-matter, or entered any appearance to the merits, by answer or otherwise, until compelled to do so by the trial court. When required to plead, the defense should have responded to the merits, and was not required to stand by its answer as to the jurisdiction over it by reason of the wrongful service, and thus risk the chances of the final decision upon the one question.

The judgment is, therefore, reversed, and remanded, with directions to award the appellant a new trial. As the appellant is in court by the appeal, no other service is required, this court having repeatedly held that an appeal from a void judgment for the want of process placed the appellant in court on the return of the case for all the purposes of a trial. (Grace v. Taylor, 1 Bibb, 430 ; Graves v. Hughes, 4 Bibb, 84; Bradford v. Gillaspie, 8 Dana, 68 ; Salter v. Dunn, &c., 1 Bush, 311; Wharton v. Clay, 4 Bibb, 167 : Allen v. Brown, 4 Met., 343.)

We have given this question more consideration than we otherwise would, because of the great confidence manifested by counsel for the plaintiff in support of the ruling below; his ability and candor in the discussion of legal questions entitling his views to the greatest consideration.