CASE 43.—ACTION BY MAGGIE BEELER, ADMINISTRATRIX
OF E. C. BEELER AGAINST THE LOUISVILLE
HOME TELEPHONE COMPANY AND ANOTHER
FOR DAMAGES FOR CAUSING THE DEATH OF
HER INTESTATE.—April 17.

# Louisville Home Telephone Co., &c., v. Beeler's Admx.

Appeal from Bullitt Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Reversed.

1. Appearance—Pleading—Objection to Jurisdiction—Under Civ.
Code, section 118, providing that a party may by answer or
other proper pleading object to the jurisdiction over the
parties, and a failure to do so is a waiver of the objection, a
party may in one answer plead both to the jurisdiction and
to the merits, and the filing of such an answer does not con-
stitute an appearance.

2. Judgment — Parties — Torts—Verdict Against Nonresident
Only.—Under Civ. Code, section 73, providing that an action
against a carrier for personal injuries must be brought in
the county in which the defendant or either of several
defendants resides, or in which the plaintiff or his property
is injured, or in which he resides, if he reside in a county
into which the carrier passes, and section 80, providing that,
in an action against several defendants, no judgment
shall be rendered against any of them, if the action
be discontinued as to the defendants who resided or was
summoned in the county where the action was brought, where
an action is brought against two telephone companies—one
a resident and the other a nonresident of the county—and no
verdict is rendered against the resident company, the action
must be dismissed as to the nonresident.

3. Electricity—Injuries to Servant of Another—Liability—A tele-

phone company, which had no knowledge that a workman of another company was to go on its lines owed him no duty to provide a reasonably safe place for him to work, and cannot be held liable for negligence resulting in his death.

OPINION OF THE COURT BY SPECIAL JUDGE CLAY—Reversing.

This action was instituted by Maggie Beeler, administratrix of her deceased husband, E. C. Beeler, against the Cumberland Telephone & Telegraph Company and the Louisville Home Telephone Company, to recover damages for the death of her husband, which occurred in Louisville, Jefferson county, Ky., and which is alleged to have resulted from the joint negligence of the two companies. In addition to the allegations of negligence, the petition states that decedent was a resident of Bullitt county, and that each of the defendants was a common carrier, and passed into Bullitt county. Summons was served upon the Home Telephone Company by delivering a true copy thereof to its president, and also by delivering copies to parties who were stated in the return to be agents of said company, residing in Bullitt county. Summons was served upon the Cumberland Telephone & Telegraph Company by delivering copies to the local agents of the company. Each of the defendants filed a special demurrer and a plea to the jurisdiction of the court. Plaintiff then filed a demurrer and a reply to each of the pleas. Before the question of jurisdiction was heard, the defendant Louisville Home Telephone Company filed an answer in three paragraphs. In the first paragraph defendant raised the question of jurisdiction by setting forth that its residence was in Jefferson county, that it did not have any office or agent in Bullitt county, and that it did not pass into

said county. In the second and third paragraphs defendant, without waiving its objection to the jurisdiction of the court, pleaded to the merits of the case. Later on, but before the question of jurisdiction was passed upon, the Cumberland Telephone & Telegraph Company, without waiving its plea to the jurisdiction, filed an answer to the merits of the case. Plaintiff thereupon filed a reply to each answer. The question of jurisdiction was then heard by the court, and a judgment was entered overruling the plea of the Cumberland company, and adjudging that the court had jurisdiction. By the same order the plea of the defendant, Home company, was held to be good, and the action as to it was dismissed. The plaintiff thereupon filed motion and grounds for a new trial, relying particularly upon the allegation that the Home company, by pleading to the merits of the case, had entered its appearance and submitted itself to the jurisdiction of the court. Upon reconsideration of the question involved, the court sustained the motion, and entered an order setting aside the aforesaid judgment, in so far as it held the plea of the Home Company to the jurisdiction of the court to be good, and also overruling both its demurrers and plea to the jurisdiction. To this judgment the Home company excepted, and prayed an appeal to the Court of Appeals, which was granted. Subsequently, a jury was impaneled and the case tried on its merits. At the conclusion of plaintiff's testimony, and also at the conclusion of all the testimony, each of the defendants filed its written motion, and moved the court to instruct the jury to find for it. These motions were overruled, and an exception saved in each instance. The case was then submitted to the jury, which rendered the following verdict, signed by 10 of the jurors: "We, the jury,

find for the plaintiff in the sum of $4,000 against the Louisville Home Telephone Company." Immediately upon the return of the verdict, and before the entry of the judgment, the Home company moved the court to enter a judgment dismissing the petition as to it, on the ground that the jury having failed to find a verdict against the Cumberland Telephone & Telegraph Company, the court had no jurisdiction to enter judgment against the Home company. Judgment was then entered, overruling the motion of the Home company, and adjudging that plaintiff recover of the Home company $4,000, and costs. The Home company then filed motion and grounds for a new trial, and an order was entered overruling the same, and granting an appeal to this court.

At the outset there is presented for our consideration the question, did the Bullitt circuit court have jurisdiction of the appellant, Louisville Home Telephone Company? In passing upon this point, we shall first discuss the question whether or not appellant entered its appearance by filing its answer both to the jurisdiction and to the merits. If the answer of the appellant did not enter its appearance, then we shall have to determine whether or not jurisdiction was acquired in any other way.

Among the cases relied upon by appellee is the case of City of Covington v. Limerick, 107 Ky. 680, 19 Ky. Law Rep. 330, 39 S. W. 836, in which the court, after holding that the circuit court undoubtedly had jurisdiction over the person of the defendant, added the following: "But, in addition to the plea of jurisdiction, the answer of the defendant goes to the merits of the controversy, and is a waiver of any objection to the jurisdiction over the person of the defendant. This is the common

law doctrine, and was held to be the law in this State
in the case of Baker v. L. & N. R. R. Co., 4 Bush 623.''

In the case of Baker v. L. & N. R. R., 4 Bush 623,
we find, however, that the defendant first answered to
the merits without suggesting any objection to the
jurisdiction, and trial was then had, resulting in a
verdict which was set asde and a new trial ordered.
Next came a hung jury. About a year and a half
thereafter the defendant attempted to plead to the
jurisdiction of the court. The court very properly
held that its appearance had been entered long before.

In the case of Guenther & Bros. v. American Steel
Hoop Company, 25 Ky. Law Rep. 795, 116 Ky.
419, 76 S. W. 480, the question involved was
the construction and validity of subsection 6
of section 51 of the Code, authorizing service
upon the agent of a non-reisdent doing business in this
State. In that case the motion to quash the process
was overruled. The defendant did not follow the
practice adopted by appellant in the case under con-
sideration. He did not file an answer as provided by
section 118 of the Civil Code; but, along with the
denial of other facts, simply put in issue the allega-
tion of the petition that he was a non-resident of the
State. Under the circumstances this court held that,
having gone into the merits of the case as he did by
his answer, he had entered his appearance to the
action.

Likewise in the case of Brand v. Brand, 116 Ky.
791, 25 Ky. Law Rep. 987, 76 S. W. 868, 63 L. R. A.
206, the question of jurisdiction was not raised by
answer as authorized by section 118, but by special
demurrer. Thereafter the defendant answered to the
merits of the controversy. This court held that the
trial court necessarily had jurisdiction of him.

The superior court case of N. N. & M. V. Company v. Thomas, 29 S. W. 437, 16 Ky. Law Rep. 706, was one of alleged improper service of summons. A motion was first made by the defendant to quash the return on the summons; then, without having that motion passed on at all, the defendant filed an answer, in which it made no objection to the jurisdiction of the court, but pleaded to the merits. The superior court held under such circumstances that the motion was waived by the filing of an answer. The question of jurisdiction was not raised, however, by pleadings, but by a mere motion to quash.

Counsel for appellee relies also upon the case of C. O. & S. W. Ry. Co. v. Heath, 87 Ky. 651, 10 Ky. Law Rep. 646, 9 S. W. 832. In that case defendant first filed an answer, pleading only to the jurisdiction, and a demurrer thereto was sustained; then the defendant pleaded to the merits. The case did not come to trial on an issue of fact raised by the answer, but the question of jurisdiction was raised and decided by a demurrer. The court then required the defendant to plead to the merits. The court pointed out very plainly and in very strong language that there had been no waiver in that case, because the party had not attempted to plead to the merits at all until after its plea to the jurisdiction had been overruled and it had excepted. But the court did not hold that the form of pleading adopted in the case at bar would not have been allowable.

In favor of the view that a defendant who files an answer to the jurisdiction, and in the same answer, without waiving the question of jurisdiction, pleads to the merits, does not thereby enter his appearance, we find the following cases:

First, the case of Meguiar v. Rudy, 7 Bush 432, in which a demurrer, as in the case at bar, to the jurisdiction of the court was first filed, but overruled because the defect did not appear on the face of the petition. The defendant then filed an answer in which he first pleaded to the jurisdiction of the court, and then pleaded to the merits, including a counterclaim. The circuit court tried the case on all the issues raised and came to the conclusion that it had no jurisdiction over the person of defendant. Judgment was then entered in his favor, and, upon appeal to this court, the judgment was affirmed.

In the case of L. & N. R. R. v. Munford, 68 S. W. 635, 24 Ky. Law Rep. 417, the court says: "The first paragraph of the answer of the defendant is a plea in abatement. * * * The second paragraph, without waiving the first, may be treated as a denial of the plaintiff's injury." The court did not itself attempt to decide the question of jurisdiction in this case, but submitted all issues, including the issue upon the question of jurisdiction, to the jury under proper instructions. The railroad company insisted that the court should have tried the jurisdictional question alone, but the court decided to the contrary, holding that the practice pursued was proper, and saying: "The fifth ground for a new trial claims that the court erred in submitting to the jury the question of the residence of the plaintiff. The objection is not tenable. Residence of a party is a question of fact to be determined from the evidence, and there was, to say the least of it, considerable evidence tending to show that plaintiff was a resident of Hardin county at the time of the institution of the action, and the question was very carefully and fully presented to the jury by a well-guarded instruction; and is as favorable to the de-

fendant as the instruction asked for by the defendant on the same subject. The sixth ground claimed the court erred in refusing first to instruct on the question of jurisdiction under the pleadings before the trial of the cause upon its merits. We know of no rule of law requiring such proceedings; the question of residence being an issue, and one of the facts to be tried by the jury in connection with the other facts necessary for them to determine in order to authorize recovery.''

An examination of the Code necessarily leads to the conclusion reached by this court in the two cases above. Under the common law, pleas to the jurisdiction were permissible; but this court has recently decided that the Code of Practice has virtually abolished pleas in abatement, and that defense to an action can only be made by motion, demurrer, or answer. Scottish Union, etc., Insurance Co. v. Strain, 70 S. W. 274, 24 Ky. Law Rep. 960.

Now, in the case under consideration, defense could not be made by demurrer to the jurisdiction because the petition stated facts sufficient to show jurisdiction. Nor could defense be made by motion to quash the summons, because, if the court had jurisdiction at all, the summons had been served upon the proper officer, the president of the corporation. Under the circumstances, therefore, the only kind of a defense that could be made by appellant, Louisville Home Telephone Company, was by answer. This method is provided for by section 118, which is as follows: ''A party may, by an answer or other proper pleading, make any of the objections mentioned in section 92, the existence of which is not shown by the pleadings of his adversary; a failure so to do is a waiver of any of said objections except that to the jurisdiction of the court of the subject of the action.'' An answer being

the only kind of defensive pleading that could be filed, the question arises, what sort of an answer should be filed? Should a party be required to file first an answer to the jurisdiction, and afterwards an answer to the merits, or should he have the right to file both at the same time? There is certainly no authority in the Code for filing one answer and then another answer; any answer subsequent to the original answer must be an amended answer. While in every case, no doubt, the trial court would permit an answer to the merits to be filed after an answer to the jurisdiction had been passed upon, yet the right to file an amended answer has always been held to be a matter within the sound discretion of the court. That being the case, would it not be the better practice to join all defenses in the same answer? There is certainly nothing in section 118 to the contrary. All that that section requires is that the party shall not answer to the merits without first making objection to the jurisdiction of the court. This view is not without authority to sustain it. Maxwell on Code Pleading, p. 394, speaks as follows: "At common law pleas must be pleaded in their order; that is, dilatory pleas must be made and disposed of before a plea in bar could be determined. Under the Code, however, all the defenses which a defendant may have are to be pleaded at one time, and in one answer. Therefore, matter in abatement may be joined with a plea to the merits."

In speaking of this subject, Bliss on Code Pleading, section 345, has the following discussion: "The Code requires the defendant either to demur or answer, and in his answer he is allowed to set up as many defenses as he may have. Only one answer is contemplated, and all the defenses which he elects to make must be embraced within it. Matter in abatement is as much

a defense to a pending action as matter in bar; and to say that the defendant may reserve the latter until a new trial shall have been had upon the issues in regard to the former would interpolate what is not in the statute—would be inconsistent with its plain and simple requirements. At first, courts did not seem to perceive the change which had been made in this respect, and adhered to the common law rule; but with few exceptions they now require the defendant in his one answer to make every defense upon which he relies, and they no longer regard the old rule that a plea to the merits waives matter in abatement, provided the matter in abatement is pleaded at the same time.''

The New York court of appeals has taken the same view. In Sweet v. Tuttle, 14 N. Y. 465, we have the following: ''The first question is whether a defendant along with other defenses may set up in his answer the non-rejoinder of other parties who ought to have been sued with him. Under the former practice the nonrejoinder of defendants could be pleaded only in abatement, and could not be joined with the plea in bar; but, under the Code, there is no classification of answers or defenses corresponding with the distinction between pleas in abatement and in bar. The distinction is entirely gone, with the system to which it belongs. The defendant now answers but once, and he may set forth as many defenses as he thinks he has, but must state them separately. Among these his non-rejoinder, where it does not appear on the face of the complaint. This is to be tried like any other defense, and its effect upon the suit is the same.''

. The same court, in the case of Gardner v. Clark, 21 N. Y. 399, 78 Am. Dec. 192, speaks as follows: ''A doubt at one time existed whether the Code had abro-

gated the rule of the common law, which required matters in abatement to be first pleaded and disposed of before pleading in bar to the action, and there were in the supreme court conflicting decisions upon the subject. The action, however, came before this court in the case of Sweet v. Tuttle, 14 N. Y. 465, where it was held that the Code provided for but a single answer in which the defendant is required to include every defense upon which he relies to defeat the action."

And in the case of Little v. Harrington, 71 Mo. 390, we find the following: "It is evident from these statutory provisions that only one answer is contemplated, and this to contain whatever defense or defenses the defendant may have, thus dispensing with the common law rule that a plea in bar waives all dilatory pleas or pleas not going to the merits."

And the same court, in the case of Johnson v. Detrick, 152 Mo. 243, 53 S. W. 891, says: "A plea to the jurisdiction, even when coupled with a plea to the merits, is permissible under our Code; and the latter plea does not, at common law, waive the former."

In view of the foregoing authorities, and for the additional reasons which will hereafter appear, we have reached the conclusion that a defendant may in one answer plead both to the jurisdiction and to the merits. It necessarily follows that a plea to the merits that recites that the defendant does not waive his objection to the jurisdiction of the court is not a waiver of the plea of the jurisdiction. We, therefore, hold that appellant's answer did not enter its appearance to this action. That being the case, let us inquire whether or not the court acquired jurisdiction in any other way. Section 73 of the Civil Code is as follows: "Excepting the actions mentioned in section 75, an

action against a common carrier, whether a corporation or not, upon a contract to carry property, must be brought in the county in which the defendant or either of several defendants resides; or in which the contract is made; or in which the carrier agrees to deliver the property. An action against such carrier for an injury to a passenger or to other person or his property, must be brought in the county in which the defendant or either of several defendants resides; or in which the plaintiff or his property is injured; or in which he resides, if he reside in a county into which the carrer passes.''

Clearly, the decedent, Beeler, was a resident of Bullitt county. It is also established by the proof that while appellant did not reside in or pass into Bullitt county, the Cumberland Telephone & Telegraph Company did pass into that county. Undoubtedly each of these companies is a common carrier. Under the circumstances, we are of the opinion that, so far as the pleadings are concerned, appellant could have been joined, under the aforesaid section, with the Cumberland Telephone & Telegraph Company; but we do not believe that the question of jurisdiction should be determined by the pleading alone. Section 4 of the act of 1812 is as follows: ''That in every species of personal action, where there are more than one defendant, the plaintiff commencing his action in a county where either of them reside, may issue any writ or writs directed to any county where the defendants, or any of them, may be found: Provided, That should a verdict not be found against the defendant or defendants resident in the county where the action is commenced, judgment shall not be rendered in such action.'' Laws 1811-12, p. 181, c. 375. This provision is, in effect, the same as section 80 of the Civil Code,

which provides: "In an action brought pursuant to section 78 against several defendants, no judgment shall be rendered against any of them upon the service of a summons out of the county in which the action is brought, if no one of them be summoned in that county, nor resided therein when the action was commenced; nor if the action be discontinued or dismissed as to the defendant who resided or was summoned in that county; nor if judgment be rendered in his favor, unless a defendant summoned out of that county make defense without objecting to the jurisdiction of the court."

Under this section this court has held that judgment by default against one of several defendants served in county where suit was brought, when petition does not state cause of action against him, and it is not made out by proof, will not authorize judgment against a defendant served in another county who pleads to the jurisdiction. Meguiar v. Rudy, 7 Bush 432. Thus it will be seen that it has been the settled policy of the law for almost 100 years to provide that where the venue of an action against several defendants is laid in the county of the residence of one of them, no judgment can be rendered against any of the non-resident (speaking with reference to the county) defendants, if no recovery be had against the resident defendant. An action brought under section 73 in the county where one of several defendants resides, or in which the plaintiff resides, if he reside in a county into which the carrier passes, is similar in every respect to the actions referred to in section 80  We are therefore of the opinion that the spirit and reason of that section, when considered in connection with the other sections of the Code and the statutes enacted prior thereto, apply with equal force to the present

case, for it was certainly never contemplated by the Code that a plaintiff should have the right to sue a common carrier in a county in which it did not reside, or into which it did not pass, simply by uniting that defendant with another defendant against which plaintiff had in fact no cause of action. We, therefore, hold that, unless appellee show by her pleadings and proof a good cause of action against the Cumberland company, and actually recovered judgment against that company, the trial court had no jurisdiction of appellant. A careful examination of the entire record fails to disclose any evidence that could be dignified by the name of proof, showing any contract, arrangement, or understanding between the two telephone companies, whereby the employes of the Home company were permitted to go upon the poles and wires of the Cumberland company; nor is there any proof of any knowledge on the part of the Cumberland company that the decedent, Beeler, was to go upon its lines. This being the case, the Cumberland company owed the decedent no duty to provide a reasonably safe place for him to work in, and cannot be held liable for the negligence that resulted in his death. Therfore the trial court should have peremptorily instructed the jury to find for the Cumberland Telephone & Telegraph Company, and immediately upon giving such instruction, should have further instructed the jury to find for appellant, Louisville Home Telephone Company, on the ground that appellee had failed to show by pleading and proof a good cause of action against the Cumberland company.

Having held that the provisions of section 80 apply to this case, it necessarily follows that, as appellant did not answer to the merits of the case until after it had objected to the jurisdiction of the court, it did not

thereby enter its appearance to the action. It also follows that appellant, because of this appeal, will not be before the trial court upon the return of the case for all purposes of a trial, as judgment can be rendered against appellant only in the event that appellee recovers against the Cumberland Telephone & Telegraph Company. Ward v. George, 1 Bush 357; Duckworth v. Lee, 10 Bush 51; Reid v. Cain, 3 Ky. Law Rep. 329; Newcome v. Turner, 15 Ky. Law Rep. 573; Ault v. Everitt, 16 Ky. Law Rep. 93.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.

JUDGES LASSING AND CANTRILL, not sitting.

Extended opinion—CLAY, Special Judge.—While concurring in the opinion of the court that appellant, by reason of this appeal, will not be before the trial court upon the return of the case, I desire to state some additional reasons for the conclusion I have reached. The doctrine that an appeal from a judgment void for want of proper process places the appellant in court on the return of the case for all purposes of a trial was first announced by this court in the case of Grace v. Taylor, I Bibb. 430, decided in the year 1809. The opinion of the court is as follows: "It is considered by the court that, for as much as a copy of the petition and summons was not served on the defendant below, as required by the statute, but left at his residence with his wife, the judgment by default was therefore irregular, and is hereby reversed, and the cause is remanded to said circuit court; but as the defendant in that court hath appeared and prosecuted this writ of error, any further summons is unnecessary; therefore it is

further considered that the cause be placed on the issue docket, and stand for trial in the said circuit as upon summons returned executed.''

In the above case, the defendant lived in the county, and the trial court had the power by proper process to bring the defendant before the court, for, even if he had not entered his appearance by prosecuting the writ of error, a copy of the petition and summons could have readily been served upon him; but the doctrine has since been extended so as to include cases where the court could not obtain jurisdiction at all over the person of the defendant, unless he should enter his appearance by taking an appeal. The principle laid down in Grace v. Taylor was followed in other cases decided prior to and after the adoption of the Code. In none of these cases was any reason even given in favor of the law announced; the court simply adhering in each instance to the precedent established. In our opinion, the venue of actions and the character and service of process were fixed by the Code. Though in many instances there are two of three jurisdictions in any one of which suit may be brought, the Code nevertheless requires that suit shall be brought in some one of those jurisdictions. To say that the rights of plaintiff and defendant should be equal under the law, is simply to announce an elementary principle of justice. The plaintiff, of course, has the right to try his case wherever the Code permits, and certainly the defendant has the right to demand that it shall be tried nowhere else, and that he shall not be required to come into court except in pursuance of lawful process. If, in attempting to enforce this right, the defendant is virtually compelled to take an appeal, shall this court hold that he has abandoned his right under the law by his effort to enforce it in the

manner prescribed by law. Yet the rule laid down in
Grace v. Taylor, if followed to its logical conclusion,
would require us to so hold; for under that rule the
plaintiff is given the right to select a jurisdiction not
authorized by the Code, in the hope that the trial court
may erroneously decide in his favor, and thus compel
the defendant, if he does not wish to risk his whole
case upon the question of jurisdiction alone, and take
the chances of having the judgment declared void,
either to submit to the judgment, or enter his appear-
ance by taking an appeal. Is not such doctrine viola-
tive of the spirit, if not the letter, of the Code, when
it requires this court to say to every defendant who
appeals from a judgment void for want of proper
process: "You were not properly before the trial
court; your case was tried by a tribunal that had no
right to try it; you took no steps that were not author-
ized by law; you protested at every stage of the pro-
ceedings; you saved every question of jurisdiction;
but you have made a grievous mistake by appealing
to this court for protection, for the only way that we
can protect you, is to send your case back to be tried
by the same court which, we have just held, had no
right to try it?" That this is the effect of such doc-
trine may be gathered from the following forcible
language of this court in the case of Stovall v. Stov-
all's Adm'r, 39 S. W. 416, 19 Ky. Law Rep. 917: "By
these cases (citing Grace v. Taylor and several subse-
quent cases announcing the same doctrine) the rule is
established that, notwithstanding jurisdiction of the
person can be required only by actual service or by a
voluntary appearance, if a defendant appears and
raises the question of jurisdiction over him, by show-
ing that no process has been served on him, and the
court agrees with him and sustains his motion, he is

not before the court; but, if the court holds against him, and on appeal he reverses the lower court, then he is before the court by reason of such appeal.''

Could any argument against such law be stronger than the mere statement of the law itself? Shall jurisdiction be made to depend upon the error of the trial court, and the effort of the defendant to establish that error? Shall the right of appeal be virtually abolished in such cases by holding that the very purpose of the appeal is defeated by the appeal itself? Such doctrine may be venerable from its antiquity; it may be entitled to respect because it has the force of a long established precedent, but it neither meets the requirements of reason, nor satisfies the demands of justice. For these additional reasons, therefore, I think it should be held that appellant by prosecuting this appeal has not entered its appearance to the action.

CHIEF JUSTICE O'REAR and JUDGE TERRELL concurred in these views as well as in the principal opinion.