## MARY E. JONES

*v.*

## GEORGE V. BYRD.

APPEARANCE— *after default for the purpose of making motion to set aside default, is not a general appearance.* An appearance and the entry of a motion by a defendant in an attachment suit, who has not been personally served, to set aside a default rendered against him upon a notice by publication, is not such a general appearance as will authorize a personal judgment. If any judgment is authorized in such case, it is *in rem* only.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. HERBERT & QUICK, for the appellant.

Messrs. HUTCHINSON & WILLARD, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We deem it necessary to notice but a single error assigned upon this record. Suit was commenced by attachment, and notice given to defendant by publication. There was no personal service on the defendant, but she appeared, after default, and moved to set it aside. Upon this the court rendered judgment that the "plaintiff have and recover of the defendant his damages, $463.65, in form aforesaid assessed, together with his costs and charges in this behalf expended, and have execution therefor.

The appearance and entry of the motion to set aside the default, did not constitute a general appearance and authorize a personal judgment. If any judgment was authorized, it should have been *in rem* only. *Klemm* v. *Dewes*, 28 Ill. 317.

The judgment is reversed and the cause remanded.

*Judgment reversed.*