CRISP et al., Respondents, v. GOCHNOUR, Appellant.

(148 N. W. 624.)

1. **Process, Service of—Holiday—Labor Day.**
   Labor Day, being one of the days enumerated as legal holidays by Civ. Code, Sec. 2458, as amended by Laws 1907, Ch. 181, Sec. 1, prohibiting service of legal process in civil actions on any of said days, held, that service on Labor Day is a nullity.

2. **Appearance—General Appearance—Waiver to Jurisdiction—Grounds of Motion—Special Appearance—Motion to Quash Service and Vacate Judgment.**
   The fact that grounds of a motion are not stated in the notice of motion to quash service of a summons and complaint

and to vacate a judgment based upon such service, and that the judgment is thereunder sought to be vacated, does not render the appearance on such motion a general one, nor does such notice amount to waiver to objections to jurisdiction of the court. **Held**, further, that an appearance for the purpose only of challenging jurisdiction of the court, without asking any affirmative relief, is a special appearance, and especially where the notice of motion states that the appearance is special and for purposes of the motion only, and where, before hearing under the original notice, the motion was withdrawn and an amended notice served which stated grounds of the motion and referred to files from which the grounds further appeared.

3. **Motion—Grounds of—Notice of Motion, Necessity of Stating Grounds in.**
   It is not necessary that the grounds of a motion be stated in the notice of the motion. If the grounds thereof sufficiently appear upon the face of any of the moving papers attached to the notice, or that are on file in the case, and such papers are referred to in the notice, that is sufficient.

4. **Evidence—Judicial Notice—Day of Week and Month.**
   Courts take judicial notice of the day of the week on which a particular day of the month falls.

(Opinion filed September 15, 1914. Rehearing denied.)

Appeal from Circuit Court, Moody County. Hon. JOSEPH W. JONES, Judge.

Action by W. H. Crisp and another against H. R. Gochnour, in which a default judgment was rendered. From an order refusing to quash service of the summons and complaint, defendant appeals. Reversed.

*Rice & Benson,* for Appellant.

*Robertson & Dougherty,* for Respondents.

(1) Under point one of the opinion, Appellant cited:

Civ. Code, Sec. 2458; Laws 1907, Ch. 181; Gladwin v. Lewis, 6 Conn. 49, 16 Am. Dec. 33; Leonosio v. Bartilino, 7 S. D. 93.

Respondents cited:

Civ. Code, Secs. 2458, 2460; Laws 1907, Ch. 181; Pen. Code, Secs. 39, 40, 42.

(2). Under point two of the opinion, Respondents cited:

2 Enc. Pl. & Pr. 625; 46 W. Va. 618, cited in note to Fisher v. Crowley, 4 A. & E. Ann. Cas. 289; Fanton v. Byrum, 128 N. W. R. 325.

POLLEY, J. This appeal is from an order overruling a motion to quash the service of the summons and complaint. The

summons and complaint were served in Moody county on the 1st day of September, 1913. No appearance of any kind was entered by defendant within 30 days thereafter, and, on the 17th day of October following, the court, upon proper proof of default, entered judgment for plaintiff for the relief prayed for in the complaint. On the 27th day of said month, defendant, by his attorneys, served upon plaintiff the following notice of motion:

"You will please to take notice that the undersigned appears specially and for the purpose only of the motion  *  *  *  will move the court for an order quashing the service of the summons and complaint in the above-entitled action, and for an order vacating and setting aside the judgment in said action. Said motion will be based upon the summons, complaint, sheriff's return of service of summons and complaint, and the order for judgment and the judgment in said action."

Plaintiff filed written objections to the granting of said motion, which objections were based upon the ground that the notice does not state the grounds upon which the motion will be based, and that it does not specify whether defendant was objecting to the jurisdiction of the court as to his person or to the subject-matter of the action. After such objections had been filed but before the motion was passed upon by the court, said motion was withdrawn by defendant, and, in lieu thereof, defendant served a second notice of motion similar to the first, except that it stated that the motion would be based upon the grounds that the summons and complaint in the action "were served upon defendant on September 1, 1913, said day being a legal holiday, to-wit, Labor Day." Upon the submission of the motion, plaintiff asked that his objections above referred to, so far as applicable to the second motion, be considered by the court. The motion was overruled by an order of the court wherein it is recited that defendant appeared "specially and for the purpose of said motion only," and from this order defendant appeals.

[1] It is appellant's contention that, as the summons and complaint were served on Labor Day, which is a legal holiday, the service thereof was a nullity, and the court failed to acquire jurisdiction of the defendant's person, and therefore was without authority to enter a valid judgment in the case. While respondent does not contend that valid service of legal process can be made

on all legal holidays, he attempts to distinguish Labor Day from certain other legal holidays; but this distinction cannot be recognized, or rather, there is no such distinction. Labor Day is one of the days on which the service of legal process is expressly prohibited by statute. Section 2458, Civ. Code, as amended by section 1. c. 181, Laws of 1907, enumerates every Sunday, the first day of January, the 12th day of February, the 22d day of February, the 30th day of May, the 4th day of July, the first Monday in September, the 25th day of December, every day on which an election is held throughout the state, and every day appointed by the President of the United States or the Governor of this state for a public fast, thanksgiving, or holiday, as legal holidays, and provides that no legal process in civil actions shall be served on any of said days. This prohibition applies with equal force to all such holidays, and the effect of such prohibition is to extend to every one immunity from the service of legal process in civil actions on any of the days so named.

It is true, as claimed by respondent, that there is a penalty provided for the desecration of the sabbath, known as "sabbath breaking" that is not provided for a failure to observe other holidays; but this in no wise affects or qualifies the prohibition against the service of legal process found in the above statute, and it necessarily follows that the service of the summons and complaint on Labor Day must be treated as a nullity, and that the court was wholly without jurisdiction to enter judgment against appellant. This being the case, unless appellant, by some act or omission on his part, has recognized and submitted to the jurisdiction of the court, he was entitled to have the service quashed and the judgment vacated.

[2-4] It is contended by respondent that appellant's motion of October 27, 1913, amounted to a general appearance in the case, and that thereby appellant cured any defects there might have been in the service of process and waived any objection to the jurisdiction of the court over his person. This contention is based on the claim that appellant's notice of motion does not assign any reason why the service of summons should be quashed and the judgment vacated, and that, because of his failure to assign such reasons, his appearance in the case should be construed to be a general appearance, and therefore a waiver to the objections to the

jurisdiction of the court. That such a rule has been recognized cannot be disputed. 2 Enc. P. & P. 626. But such rule is not applicable to the facts as they appear from the record in this case. It is not necessary that the grounds of the motion be stated in the notice of the motion itself. If the grounds upon which the motion is based sufficiently appear upon the face of any of the moving papers that are attached to the notice or are on file in the case and are referred to in the notice, that is sufficient. It is not necessary to consider whether the grounds of the motion were sufficiently stated in the original notice or not. This motion was withdrawn, and a second or amended notice served in its place, which stated that the motion was based on the fact that the summons and complaint were served on Labor Day and special reference made to the sheriff's return and the judgment. It appears upon the face of both these documents that the summons and complaint were served on the 1st day of September. The court takes judicial notice of the day of the week on which a particular day of the month falls, and therefore it is apparent, from a mere inspection of the papers on file in the case and referred to in the notice of motion, that the summons and complaint were served on the first Monday in September—a day on which such service is expressly prohibited by statute. Nor does the fact that defendant, in his motion, asked to have the judgment vacated and set aside render his appearance a general appearance. An appearance for the purpose only of challenging the jurisdiction of the court without asking any affirmative relief is a special appearance, and this is especially true where, as in this case, the notice of motion expressly states that the appearance is special and for the purpose of the motion only. In Rogers v. Penobscot Min. Co., 132 N. W. 792, 28 S. D. 72, Ann. Cas. 1914A, 1184, it is said by this court that:

"The test as to whether an appearance is special or general is the relief asked; and in determining the character of an appearance the court will always look to matters of substance rather than to matters of form."

In the motion under consideration, defendant based his right to the relief asked solely upon the ground that there had been no sufficient service of the summons and complaint. If the service is quashed, then the judgment must be vacated as a necessary result— a result that would follow from quashing the service of the sum-

mons and complaint even though no mention of it had been made in the notice itself. It is apparent, from the record, that defendant intended that his appearance should be special, and it is recited in the order overruling the motion that defendant appeared specially and for the purpose of the motion only; and it is our opinion that the appearance was a special appearance, and that the service of the summons and complaint should have been quashed.

The order appealed from is reversed.