L. B. BRITTON *vs.* J. A. GOODMAN & others.

Suffolk.    March 10, 1920. — April 5, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Practice, Civil,* Parties, Amendment.    *Attachment,* Dissolution by bond.

Where, in an action of contract begun by trustee process against two non-residents as copartners, it appeared that the defendants were not served personally with process but that property in this State had been attached by the trustee process as the property of the defendants, and that a bond had been given by them under R. L. c. 167, § 116, as amended by Sts. 1905, c. 110; 1906, c. 187, to release the attachment, the giving of the bond operated as a general appearance by the defendants, and the action should not be dismissed although no service was made upon them.

In an action of contract against two non-resident individuals as copartners, who appeared generally, the allowance of an amendment joining a third copartner as a party defendant, who is not served with process and who does not appear, does not affect the plaintiff's right to recover judgment against the defendants who had appeared.

CONTRACT, with a declaration on an account annexed to recover commissions on orders secured by the plaintiff and accepted by the

defendants. Writ in the Municipal Court of the City of Boston dated April 14, 1919.

Material pleadings and facts found by the judge in the Municipal Court are described in the opinion.

. The defendants filed the following requests for rulings of law:

"1. Upon all the evidence the plaintiff's action should be dismissed.

"2. That there is no property of the defendants within the jurisdiction of this court which could be come at to be attached.

"3. That this court has no jurisdiction over the defendants.

"4. That upon all the evidence the writ in the case at bar should be abated."

The judge denied the rulings, and, upon the plaintiff filing a motion to amend by joining Abraham Goodman as a defendant, the judge allowed the motion, overruled the plea in abatement and, at the request of the defendants, reported the case to the Appellate Division, who dismissed the action. The plaintiff appealed.

A. F. Flint, (H. P. L. Partridge with him,) for the plaintiff.

J. B. Jacobs, for the defendants.

BRALEY, J. The record recites the following facts concerning which there is no dispute: The plaintiff on April 14, 1919, sued out of the Municipal Court of the City of Boston a writ of summons and attachment by trustee process in an action of contract wherein he is described as of "said Boston," and the defendants Jacob A. Goodman and Lazure L. Goodman are named as "copartners, doing business as the Goodman Hosiery Co. as the Keystone Knitting Mills and as the Dixie Hosiery Mills and having a usual place of business in Burlington, in the State of N. Carolina," while the trustee, the Commercial Trading Company, is stated to be "a corporation duly established by law and having a usual place of business in Boston aforesaid, in the County of Suffolk." The funds which were alleged to be the property of the principal defendants having been duly attached they dissolved the attachment by giving in due form a bond signed by them as principals and an indemnity company as surety, which having set forth among other recitals that whereas the plaintiff has caused the goods, effects and credits "of said J. A. Goodman and L. L. Goodman in the hands or possession of Commercial Trading Company to the value of fifteen

hundred dollars," to be attached on mesne process in a civil action returnable April 26, 1919, and whereas said defendants wish to dissolve said attachment according to law, stipulated that if within thirty days after the final judgment in said action the defendants should pay the amount, if any, recovered thereon the "obligation shall be null and void; otherwise it shall remain in full force and virtue." The surety and bond having been approved by the plaintiff's counsel, and the writ having been returned into court Jacob A. Goodman and Lazure L. Goodman, the obligors, appearing specially filed a plea in abatement which averred that one Abraham Goodman was a member of the firm who should be joined as a party defendant, and that the action could not be maintained because the "court has no jurisdiction over them," and "there is no property in the Commonwealth of Massachusetts belonging to the defendants Jacob A. Goodman or Lazure L. Goodman individually or as copartners, which has been attached by the plaintiff or can be come at to be attached, but that any property that has been attached by the plaintiff belongs to the aforesaid Jacob A. Goodman; Lazure L. Goodman and Abraham Goodman." The plaintiff accordingly moved to amend by joining Abraham Goodman, whose domicil is alleged to be the same as that of the other defendants, and the motion was allowed.

The case then came on for trial, and the trial judge was asked by the defendants to rule that upon all the evidence the plaintiff's action should be dismissed; that there is no property of the defendants within the jurisdiction of the court which could be come at to be attached; that the court has no jurisdiction over the defendants, and that upon all the evidence the writ in the case at bar should be abated. The judge overruled the plea in abatement, and declined to give the rulings, and at the defendants' request reported his refusal to the Appellate Division which decided that the action should be dismissed, and the plaintiff appealed to this court.

We, are, however, unable to discover any error of law in the proceedings before the trial judge. The attachment appears to have been effectual, and the plaintiff, although no personal service had been made on the defendants, could have recovered a valid judgment to secure the application of the property so attached to

the satisfaction of the judgment. R. L. c. 170, §§ 1, 6, 7. *Lowrie* v. *Castle*, 198 Mass. 82, 89. *Gahn* v. *Wallace*, 206 Mass. 39, 42. But by R. L. c. 167, § 116, as amended by St. 1905, c. 110, St. 1906, c. 187, a defendant whose property has been attached on mesne process in a civil action may at any time before final judgment dissolve the attachment by giving bond with sufficient sureties "who shall be approved by the plaintiff or by his attorney in writing, by a master in chancery or by a justice of a court of record if the attachment is made within the jurisdiction of such justice." The bond in the case at bar complies with the statutory requirements, and we assume that it must have been filed with the clerk of the court as required by § 119, and the usual certificate issued, for the record states that the defendants dissolved the attachment by giving an attachment bond. *Wall* v. *Kelly*, 209 Mass. 370. The attachment having been dissolved by operation of law the plaintiff is remediless in our courts unless a personal judgment can be recovered. It is settled by *Briggs* v. *McDonald*, 166 Mass. 37, and *O. Sheldon Co.* v. *Cooke*, 177 Mass. 441, that having given a bond, an instrument under seal, to release their property from attachment the defendants are estopped to deny that an attachment had been made.

The case of *Merriman* v. *Currier*, 191 Mass. 133, relied upon by the defendants as being to the contrary is not in conflict. That action was a petition inserted in a writ of original summons with an order for attachment as provided in Pub. Sts. c. 192, § 17, now R. L. c. 198, § 17, to enforce a lien on a vessel while the vessel was within the jurisdiction of the court. But no attachment in fact was made. It was there said that, the proceeding being *in rem* and the attachment being wholly inapplicable to the case the bond given to dissolve did not change the character of the action, nor did the bond in any way recognize the validity of the attachment. It refers in its recitals to the process as "purporting to be a process of attachment under the statute," and calls the attachment a "purported attachment." In the present case the attachment was directly applicable to the cause of action. It was the only procedure by which the plaintiff could enforce his claim. And the bond as we have said states and the record shows, that a valid attachment had been made of the defendants' goods, effects and credits which they wished to have released. "The plaintiff, by

instituting his action and making the effectual attachment of property, offers to the defendant the alternative, first, of coming into court generally and settling all issues by submitting to the jurisdiction of the court with the attendant advantage of ending that cause of action by a final judgment, or second, of appearing specially and protecting only the property attached and settling only that question and nothing else." *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14, 19. The defendants might have taken the latter course, but, having obtained and enjoyed the benefits conferred by the bond voluntarily made and delivered, and which could not have been availed of without recognizing the attachment and submitting themselves to the jurisdiction of the court from which the writ issued, their acts should be held as having the effect of a general appearance. *Peebles* v. *Weir,* 60 Ala. 413. *Chastain* v. *Armstrong,* 85 Ala. 215. *Shields* v. *Barden,* 6 Ark. 459. *Cole* v. *Reilly,* 28 Ga. 431. *Brenner Trucks & Co.* v. *Moyer,* 98 Penn. St. 274. *Butcher* v. *Cappon & Bertsch Leather Co.* 148 Mich. 552. *Richard* v. *Mooney,* 39 Miss. 357. *Sharpe* v. *J. W. Morgan & Co.* 144 Ill. 382. *First National Bank of Arcadia* v. *Johnson,* 130 La. 288. *Barry* v. *Foyles,* 1 Pet. 311.

The amendment joining Abraham Goodman does not affect the plaintiff's right to recover judgment against the defendants who had appeared. The declaration is on an account annexed to recover commissions on orders secured by the plaintiff, and accepted by the defendants. A contract by copartners within the scope of the firm's interests or business binds all and each of them. *Allen* v. *Wells,* 22 Pick. 450. *Ashley* v. *Dowling,* 203 Mass. 311. *Trenton Potteries Co.* v. *Oliphant,* 13 Dick. 507. *Amis* v. *Smith,* 16 Pet. 303. And under R. L. c. 177, § 6, although the action as amended is against three persons as partners, while only two can be held, as Abraham Goodman not having been served with process or appeared generally is not within the jurisdiction of the court, yet judgment may be entered against Jacob A. Goodman and Lazure L. Goodman alone, and no amendment of the declaration is required. "The legal effect of the statute is, that such discrepancy between the contract declared on, and that proved, shall be deemed no variance." *Wiggin* v. *Lewis,* 12 Cush. 486. *Taft* v. *Church,* 162 Mass. 527, 533. *Monk* v. *Parker,* 180 Mass. 246, 249. See *Phelps* v. *Brewer,* 9 Cush. 390.

It follows that the decision of the Appellate Division must be ·reversed and the decision of the single judge must stand. *Loanes* v. *Gast*, 216 Mass. 197, 199, 200.

*So ordered.*