H. C. RORICK, A. V. FOSTER, and J. R. EASTON as copartner, trading and doing business under the firm name and style of SPITZER RORICK & COMPANY, *Appellants,* vs. THOMAS N. STILWELL and R. H. GORE, as taxpayers of Broward County Port District, a body corporate on their own behalf and on behalf of all taxpayers of said body corporate similarly situated, *Appellees.*

Division B.

Opinion filed April 1, 1931.

Petition for rehearing denied May 4, 1931.

8

Hon. G. W. Tedder, Judge.

*Fleming, Hamilton, Diver, Lichliter & Fleming,* of Jacksonville, for Appellants;

*McCune, Hiaasen & Fleming* and *Hall & English,* of Fort Lauderdale, for Appellees.

DAVIS, J.—This is a special appeal in a chancery case brought against a co-partnership, wherein service of process was attempted to be had under Section 4249, Compiled General Laws, 1927, 2602, Revised Gen. Stats., which provides:

"In all cases where any firm or copartnership shall conduct or carry on a business, or business venture, in the State of Florida, or shall have an office or agency in the State of Florida, service of process may be made upon any business agent or accredited representative of said firm or co-partnership, and such service shall be

binding upon the said copartnership and individual members thereof:

Provided, that in all cases it shall appear that personal service can not be made upon such individual copartners, or either of them, in accordance with the statutes now of force in this State; and Provided, further, that this section shall apply only to firms and copartnerships composed wholly of persons not resident in this State."

The partnership resisted a purported service on its alleged agent or representative under the statute and filed a special appearance and motion to quash the attempted service and return and to set aside a decree pro confesso which had been entered thereon. The court denied the motion, but based its ruling on the ground that the asserted special appearance and motion to quash interposed by the partnership defendants amounted in law to a general appearance and refused to vacate the decree pro confesso.

A special appeal from this ruling was entered and supersedeas allowed. The sole question here relates to the validity of the service and the proper practice in equity to test its sufficiency.

In the bill of complaint it was alleged that H. C. Rorick, A. V. Foster and J. R. Easton are all adults and residents of a State and County other than the State of Florida; that their specific address as particularly as was known to complainant was Toledo, Ohio; that the said H. C. Rorick, A. V. Foster and J. R. Easton had theretofore, and at the time of the committing of the grievances mentioned in the bill, been doing business in the State of Florida, in Broward County, as a co-partnership, under the firm name and style of Spitzer Rorick & Company; that the said H. C. Rorick, A. V. Foster and J. R. Easton, as co-partners, trading and doing business under the firm name and style of

Spitzer Rorick & Company, maintain a resident agent in the State of Florida, and were at the time of the filing of the bill of complaint doing business in the State of Florida.

Process by the State's most gracious writ of summons in chancery, directed to the defendants H. C. Rorick, A. V. Foster and J. R. Easton, as co-partners trading under the firm name and style of Spitzer Rorick & Company, commanding them to appear in the cause pursuant to law and equity practice was prayed.

The object of the suit, so far as Spitzer Rorick & Company was concerned, was an accounting and judgment for the recovery of moneys alleged to have been wrongfully paid to the co-partnership by the Broward County Port Authority, which is the governing body of a public taxing district of the State, and was named as co-defendant.

Discovery under oath from Spitzer Rorick & Company, a money judgment against the co-partnership and injunctions to prevent suits for collection of bonds held by the firm against the Broward County Port Authority, were the subjects of special prayers for relief.

It was conceded at the oral argument by counsel for appellees that the principal relief prayed, in order to be effectual, must operate upon the defendants Spitzer Rorick & Company personally and that personal service or voluntary appearance of the defendants, H. C. Rorick, A. V. Foster and J. R. Easton, as co-partners trading and doing business under the firm name and style aforesaid, is indispensable to give the Court jurisdiction to make a decree such as that sought by the bill against such defendants.

The purpose of the suit from complainants' standpoint was to contest on behalf of themselves and all other taxpayers similarly situated, certain bond transactions alleged to have been illegally and fraudulently had between the Broward County Port Authority and said Spitzer Rorick &

Company. This firm was alleged to have been engaged in such transactions as bond buyers of certain bonds which had been issued and sold by the Port Authority for public purposes as provided by statute.

A general summons in chancery in the usual form was issued upon the filing of the bill. This was served upon the Broward County Port Authority but the Sheriff returned the summons *non est inventus* as to Spitzer Rorick & Company.

Thereafter on February 26, 1930, an alias summons in chancery was applied for. This was issued and addressed to H. C. Rorick, A. V. Foster and J. R. Easton, as copartners trading and doing business under the firm name and style of Spitzer Rorick & Company.

On this summons the sheriff of Broward County made the following return:

"RECEIVED THIS WRIT OF SUMMONS in Broward County, Florida, on February 26th, A. D. 1930, and executed the same in Broward County, Florida, on the 26th day of February, A. D. 1930, in the following manner, to-wit: The said H. C. Rorick, A. V. Foster and J. R. Easton, as copartners, trading and doing business under the firm name and style of SPITZER, RORICK & COMPANY, is a copartnership composed wholly of persons not residents of the State of Florida; that personal service of this writ of summons was not had and could not be had upon either H. C. RORICK, A. V. FOSTER and J. R. EASTON for the reason that the said H. C. RORICK, A. V. FOSTER and J. R. EASTON are not residents of the State of Florida, and were not within the State of Florida at the time this summons was received and served; that said H. C. RORICK, A. V. FOSTER and J. R. EASTON, as copartners, trading and doing business under the firm name and Style of SPITZER, RORICK & COMPANY, is a copartnership which heretofore and at the time of the issuance and

service of this writ of summons conducted and carried on a business, or business venture, in the State of Florida; that service of this writ of summons was had upon said H. C. RORICK, A. V. FOSTER and J. R. EASTON, as co-partners, trading and doing business under the firm name and style of SPITZER, RORICK & COMPANY, by delivering a true copy of this writ of summons to JULIAN MAGNUS, who was at the time of the service of said summons a business agent or accredited representative of said H. C. RORICK, A. V. FOSTER and J. R. EASTON, as copartners, trading and doing business under the firm name and style of SPITZER, RORICK & COMPANY, and by informing the said JULIAN MAGNUS, as the business agent or accredited representative of said H. C. RORICK, A. V. FOSTER and J. R. EASTON, as copartners, trading and doing business under the firm name and style of SPITZER RORICK & COMPANY, of the contents of this writ of summons; the copy of this writ of summons delivered to the said JULIAN MAGNUS, at the time of the delivery of the same to him, had endorsed thereon the name of the Court from which the said writ of summons issued, the title of the cause, the words ''copy of subpoena'', and the name of Complainants' Solicitors.''

No appearance was entered on April 7, 1930, the designated return day of this process, so decree pro confesso was accordingly entered by the Clerk against the co-partnership defendants for their failure to appear.

On April 28, 1930, these defendants filed a paper entitled ''Motion to Quash Service of Summons and Set Aside and Vacate Decree Pro Confesso'', which was not signed by either of the named defendants personally, but by Fleming, Hamilton, Diver, Lichliter & Fleming, as. solicitors for defendants H. C. Rorick, A. V. Foster, and J. R. Easton sued as partners, trading and doing business under the firm name and style of Spitzer-Rorick & Company, appearing specially and solely for the purpose of making the motion.

This motion, omitting the formal parts and supporting affidavits, was as follows:

"Now comes the defendants, H. C. Rorick, A. V. Foster and J. R. Easton sued herein as copartners, trading and doing business under the firm name and style of Spitzer-Rorick & Company, appearing herein specially and solely for the purpose of making motion to quash service of summons and set aside decree pro confesso, by their solicitors, Fleming, Hamilton, Diver, Lichliter & Fleming, move the Court to quash the service and return of summons purported to have been made upon the said defendants on February 26, 1930, on the grounds and for the reasons:

(1) Said service is purported to have been made upon one Julian Magnus as business agent or accredited representative of said defendants H. C. Rorick, A. V. Foster and J. R. Easton sued herein as copartners, trading and doing business under the firm name and style of Spitzer-Rorick & Company on February 26, 1930, at a time when said Julian Magnus was not a business agent or accredited representative of said defendants H. C. Rorick, A. V. Foster and J. R. Easton sued herein as copartners, trading and doing business under the firm name of Spitzer-Rorick & Company.

(2) Section 4249 Compiled General Laws of Florida, 1927, purporting to authorize service of process upon the business agent or accredited representative of a copartnership, the members of which are non-residents of the State of Florida, is unconstitutional and void, and in violation of the provisions of Section 2 Article IV and Section 1, Fourteenth Amendment of the Constitution of the United States and Sections 1 and 12 of the Declaration of Rights of the Constitution of the State of Florida.

And said defendants further move the Court for the entry of an order vacating and setting aside the decree pro confesso entered herein on the 7th day of April, 1930, against said defendants H. C. Rorick, A. V. Foster and J. R. Easton, as copartners, trading and doing business under the firm name and style of Spitzer-Rorick & Company.

And said defendants say that the defendants H. C.

Rorick, A. V, Foster and J. R. Easton are not a co-partnership trading and doing business as Spitzer-Rorick & Company, but that the copartnership trading and doing business under the firm name and style of Spitzer-Rorick & Company is composed of H. C. Rorick, A. V. Foster, J. R. Easton, John Wehage, Arthur C. Dyer, Marvin H. Rorick and Ceilan H. Rorick.

Affidavits of the said Julian Magnus and the defendant H. C. Rorick are hereto attached annexed and made a part hereof.''

On June 2, 1930, the Chancellor entered an order reciting that the Court having heard the arguments of counsel upon said motion was of the opinion that the said motion constituted a general appearance of said defendants for the reasons that (1) the first ground contained allegations of matters dehors the record which should be raised by plea and not by motion; (2) the latter part of the motion did not relate to the question of jurisdiction of the Court over the persons of the defendants and (3) that if pleas to the jurisdiction are filed the same should not be signed by counsel but by defendants in person and if signed by counsel constitute a general appearance.

The Chancellor also recited that it was not necessary to decide the effect of the motion to vacate and set aside the decree pro confesso, since no grounds for such motion were set out, and, as stated in the order, the Chancellor being of the opinion that the defendants had by the filing of their motion appeared generally, and thereby conferred jurisdiction over their persons, notwithstanding their asserted denial of such jurisdiction, the motion to quash the service of summons and return thereon was accordingly denied.

The main question involved is one of proper chancery practice. Secondary to this, is whether there was a suffi-

cient service. Service *vel non* depends on the question whether the alleged agent Julian Magnus was a business agent or accredited representative of the partnership within the meaning of the statute authorizing that kind of service.

This statute, conceding its constitutionality for the purpose of this particular case, refers only to an agent having some general supervision over the general affairs of the copartnership being carried on in the State of Florida, or to some accredited representative of the partnership in the State of Florida having general authority to act for it. St. Clair v. Cox, 106 U. S. 350, 27 L. Ed. 222; Mutual Life Ins. Co. v. Spratley, 172 U. S. 612; 43 L. Ed. 569.

The Chancellor refused to allow defendants' special appearance and held it general for reasons hereinafter mentioned. Where a special appearance is entered for the sole purpose of moving to set aside the service of a summons, it is not a waiver of the defect objected to, nor can the Court be justified in treating such special appearance as general without sufficient cause showing either a submission to jurisdiction by participation in the proceeding, or by express waiver of the defect by voluntary appearance.

The doctrine of waiver of defects in process and in service of process is salutary, and the rule ought to be rigidly applied in every case where the acts of the party can be fairly construed into a waiver, but it would be proceeding with too great strictness to apply such doctrine in a case where it appears that the objecting party took every reasonable precaution to guard against the effect of his special appearance operating as a voluntary appearance rendering unnecessary proper service of process. Upper Mississippi Transportation Co. v. Whittaker, 16 Wisconsin 233; Ortell v. Ortell, 107 So. 442, 91 Fla. 50; Chesapeake & O. S. W. R. Co. v. Heath, 9 S. W. 832; 87 Ky. 651.

If, however, the defendant does take some step in the proceeding which amounts in law to a submission to the Court's jurisdiction, the fact that the defendant insists that he never so intended or that he does not admit the jurisdiction of the Court over his person, or that he only appears specially and not generally, is insufficient to preclude the court from considering and holding that the defendant has entered a general appearance in contemplation of law, whatever the defendant may choose to denominate his act. Britton v. Goodman, 126 N. E. 767, 235 Mass. 471; Brown v. Shields, 41 Fed. (2nd) 542; Carpenter v. Miller, 56 So. 845, 2 Ala. App. 373; East Coast Lumber Co. v. Ellis-Young Co., 39 So. 197, 50 Fla. 215; Oppenheimer v. Guckenheimer, 15 So. 670, 34 Fla. 13; Dudley v. White, 31 So. 830; 44 Fla. 264; Driscoll v. Tillman, 165 Wis. 245, 161 N. W. 795. And in such cases the Court is authorized to hold that the defendant is in court for all purposes. Scarlett v. Hicks, 13 Fla. 314.

In equity as well as at law, special appearances have been expressly recognized in Florida, although in law cases the rule appears to have been more strictly applied, which tends to discourage as dilatory the filing of such appearances. In a recent chancery case it was stated by Mr. Chief Justice Brown speaking for this Court in Ortell v. Ortell, 107 So. 442, 91 Fla. 50, that:

"The weight of authority in the United States is to the effect that a motion in a cause may or may not operate as an appearance, dependent on the relief sought (by the motion) and whether or not it is specially based upon the sole ground of want of jurisdiction. 'A motion in a cause based wholly upon an alleged want of jurisdiction is not an appearance generally nor a waiver of any irregularity in the proceedings by which a party is attempted to be brought into Court, but a motion grounded

wholly or in part upon error in the judgment or upon irregularities aside from the question of jurisdiction, is such a waiver as constitutes an appearance. A general appearance is entered in a cause by the making of any motion which involves the merits' '' (text 107 So. 445).

In a case from another jurisdiction cited by appellees, it is held that the effect of an appearance cannot be controlled by the designation given it by the appearing party and that if an appearance is for the sole purpose of vacating an order or judgment for lack of jurisdiction because of no service of process, the appearance is special, whether so designated or not. On the other hand, if a party makes a motion asking for relief that can be granted only by a court having jurisdiction, his appearance is general, though designated special. Driscoll v. Tillman, 161 N.W. 795, 165 Wis. 245.

An example of the application of the latter doctrine is found in Casper v. Bonbright, 115 So. 540, 94 Fla. 1237, where there was a motion made to quash the process as distinguished from a motion to quash the service and return. The motion as made in that case involved the jurisdiction of the Court to make the order requested on the stated ground that there was no justiciable matter authorizing the obtaining of service, or in other words, no merit to the suit. In consequence of the supposed lack of merit. the action was asked to be discontinued by quashing the process. This was held to amount to a general appearance.

So in the case of Garner v. Garner, 90 So. 819, 83 Fla. 143, and Ray v. Trice, 37 So. 582, 48 Fla. 297, the Court was asked to do more than merely take notice of its own failure to acquire jurisdiction over some of the parties before it. Thus a general appearance was the result.

But persons who are named as defendants in a suit in

equity where process has been issued and returned as served upon them, when in truth and in fact no such service has in legal effect been made, although shown by the return, have the°right to call such lack of jurisdiction to the attention of the Court by specially appearing in the cause and moving to set side or vacate the service of process when it appears of record in the cause as a virtual basis for the Court to assure that it has lawfully obtained jurisdiction over the person of the defendants.

And so long as the special appearance entered, and the motion filed pursuant thereto, whether filed personally or through counsel in that behalf, is confined solely to jurisdictional matters and asks nothing of the Court except that the Court determine for itself its own want of jurisdiction under the law, the special appearance entered and motion so filed must be regarded as limited in character and as *per se* conferring no jurisdiction on the Court to proceed to trial on the merits. In every case where it is claimed that service of process has been waived that fact ought to be clearly established and shown on the record. Anderson v. Agnew, 38 Fla. 30, 20 So. 766.

If no legal service has in fact been had, and a special appearance designed to raise that objection, and limited to such object alone, is filed it can not be considered a general appearance nor does it in and of itself confer any jurisdiction over the person of the defendant interposing it. See Read v. Rousch, 189 Iowa 695, 179 N.W. 84; Schlessinger v. Modern Samaritans, 121 Minn. 145, 140 N.W. 1027; Nye v. Lipscombe, 39 Mass. (21 Pick) 263; Standley v. Arnow, 13 Fla. 361.

In this case we are dealing with a proceeding in equity, not at law. Our statute provides with reference to equity cases that in the absence of process of law or rules of prac-

tice in this State, the rules of practice in the Courts of equity of the United States, as prescribed by the Supreme Court thereof, shall be the rules of practice of the Courts of the State when exercising equity jurisdiction, and when the rules of practice so directed by the Supreme Court do not apply, the ''practice'' of the Courts shall be regulated by the high Court of Chancery of England. Farrell v. Forest Investment Co., 74 So. 216, 73 Fla. 191; Section 4919, Comp. Gen. Stats. 1927; Section 3132, R.G.S., Kahn vs. Weinlander, 39 Fla. 210, 22 So. 653.

In Florida there is no special statute or rule of Court prescribing any particular method for testing the sufficiency of the service of summons in Chancery, so the Federal practice is permissible.

The rule in the Federal Court is that a motion to set aside the service, or a motion to quash the return, accompanied by a special appearance for that purpose is the proper method of testing the sufficiency of such service, unless the defendant prefers to disregard it and subsequently to raise the objection upon an appeal from the decree or to resist the execution of the decree as void. American Bell Telephone Co. v. Pan. Elec. Tel. Co., 28 Fed. 625; Romaine v. Union Ins. Co., 28 Fed. 625. And so is the English Chancery Rule which would apply if there were no Federal rule. 1 Daniels Chancery Practice (8th Ed.) 289.

Speaking of the proper practice in courts of equity as distinguished from courts of law, it was said by Hammond, J., in Romaine v. Union Insurance Co., *supra,* in 28 Fed. at page 627:

"Yet I must say, after quite a careful examination of the English practice, as it existed when our equity

rules were adopted and since, that, in my judgment, it was and is competent, even where the denial of power over the person of the defendant goes to the exent of a denial of the jurisdiction of the Court itself, to move to discharge the service and vacate the process—thereby accomplishing every purpose that would be accomplished by a demurrer or plea to the jurisdiction; and that technically that is the proper way to take the objection in a court of equity wherever the complaint is a want of power over the person, and not over the subject-matter of the suit, which technical feature results from the peculiar nature of pleas in equity as contradistinguished from their uses in pleadings at law, the latter going to the writ, while in equity there is no such thing as a plea to the writ, but only to the bill, or in bar of the relief sought by it. 2 Daniell Ch. Pr. (1st Ed.) 136.''

So we must hold that in this case the defendants who have been ostensibly properly served under a special statute relating to non-resident partnerships doing business in this State, had the right to raise their objections, to jurisdiction, in the form of a special appearance and motion to quash the service and return, supported by appropriate affidavits, even though the return of the Sheriff on the process showed conformity with the statute.

Such a return may be contradicted. To do so by motion with adequate notice to the opposite party results in a practice which is simple, speedy and effective and well calculated to promote the interests of justice with the least costs and trouble to suitors. See Sawyer v. Gustason, 96 Fla. 6, 118 So. 57.

In State ex rel. Palmer v. Gray, Circuit Judge, 111 So. 242, 92 Fla. 1123, this Court dealt with service of process under Section 4249, and held that the method of serving

process so authorized was in the nature of substituted service and to be strictly construed, so that complainants are required to bring themselves clearly within the provisions of the statute in order to render such service of process effective against their defendants. Barwick v. Rouse, 53 Fla. 643, 43 So. 753.

In State v. Gray, *supra,* it was also held that this section of the Statute applies exclusively to a limited and designated class of firms and co-partnerships *composed wholly of persons not resident in this State.*

It was therefore appropriate for the defendants to incorporate in their special appearance and motion to quash, the special allegation that the alleged partnership was composed of a greater number of partners than were named in the process. This follows because where a partnership as such is attempted to be bound through service on its alleged agent, it is necessary, for the service to be valid, that all the partners be shown by the record, and that they be further shown to be non-residents. Where only three out of a total number of seven partners are named and shown to be non-residents, an averment that all seven have not been named as parties is not merely to be taken as a plea of non joinder furnishing ground for abatement only, but is a showing that the conditions necessary to invoke the operation of the statute to confer jurisdiction have not been observed.

The bill of complaint, summons and return in this case show service only upon an alleged agent representing a partnership composed of certain designated non-resident partners.

If the partnership was really composed of a greater number than those specifically named as defendants in the suit, this was a fact which affected the jurisdiction. As we

have seen, a strict construction of the statute as made in the State v. Gray case, supra, would render ineffective any service whatever on the agent of a partnership of which a single member was not a non resident of the State, although all the others were non residents.

So it is necessary that the names of all the partners be shown so that the court can determine whether such partnership is composed wholly of persons not resident in this State as contemplated by the statute.

There was a decree pro confesso entered against the defendants and motion was made to vacate it as an incident to the special appearance and motion to quash the service. The motion was directed against an alleged void decree and such motion to set aside such decree, even though no specific grounds were stated, does not constitute a general appearance such as would result from an ordinary motion to vacate the decree pro confesso on other than jurisdictional grounds.

Taking into consideration the language and character of the motion shown in the record, this court must assume that when the defendants say that they are appearing solely and only to contest jurisdiction, that they predicate their accompanying motion on jurisdictional rather than general grounds, and that they are not by such special proceeding as this merely appealing to the Chancellor's discretion to open a decree pro confesso to let in a defense.

If jurisdiction had not been obtained, it was proper to move to set aside a void decree pro confesso as an incident to the motion to quash the void service and return, (Driscoll v. Tillman, 161 N.W. 795, *supra*) and merely filing a motion seeking that object is not equivalent to the entry of a general appearance. Jones v. Byrd, 74 Ill. 115; Crisp v. Gouchnour, 34 S.D. 364, 148 N.W. 624.

Another point strongly relied on by appellees to constitute a general appearance is that defendants applied for and obtained a supersedeas after their motion to quash was denied. On such application the Court entered an order to the effect "that during the pendency of the said appeal all proceedings herein be stayed."

The record does not show that defendants did more on their part in seeking such supersedeas than was necessary to give effect to their special appeal which had already been entered to this court at the time the supersedeas order was sought. See Ortell v. Ortell, *supra*.

So it cannot be held that merely procuring a supersedeas constituted a general appearance in the main suit. This is true because at the time the supersedeas was sought, this cause, so far as said defendants were concerned, was legally pending in the Supreme Court, and whatever the lower court did thereafter in proceeding in the cause was done subject to the exercise of appellate jurisdiction by this court on the pending appeal from the jurisdictional order. Willey v. Hoggson, 105 So. 126, 89 Fla. 446; Waring v. Bass, 80 So. 514, 76 Fla. 583.

While the general rule is that a plea to the jurisdiction based on special matter of fact dehors the record where the truth of the return is admitted must be interposed in person and not by attorney, this rule has no application to those special matters which as we have already pointed out, can be properly presented by motion after special appearance, as where they are grounded on an alleged complete failure to make an effectual service of process. Harkness v. Hyde, 98 U.S. 476, 25 L. Ed. 237.

The precise point presented in this case is whether or not, in contemplation of law, the actual defendants have ever been legally served at all.

It is not a case where there is some supposed irregularity in the mere form of service of the writ, or misprision in the proceedings which lead up to it, or some personal claim of exemption from service depending on special facts *dehors* the record which must, to be available, be specially shown by plea.

Since we have held that under proper equity practice, it was permissible for the defendants to attack the service by special appearance and motion to quash, the filing of such motion was a matter of right, and it was not necessary to obtain leave of court to file it.

However even if permission to file were necessary, the Court below appears to have given permission for the motion to be made, because he entertained and overruled it.

No ruling was made by the Chancellor on the merits of the motion because it was the view of the Court that by filing such motion and urging it, the defendants had waived their special appearance and entered a general appearance which made a ruling on the merits unnecessary.

While one of the grounds urged in this Court is that the statute (Section 4249, Comp. Genl. Laws) is unconstitutional, and for that reason the attemped service of process on the defendants as non resident partners was void, it has been generally held by this court that where an appeal can be disposed of on grounds other than the alleged unconstitutionality of a statute, that the validity of the statute will not be passed on. Carolina-Florida Planting Co. v. Maige, 60 346, 64 Fla. 234.

For this reason, and also because a further hearing of the motion in the Court below may result in its being granted on other grounds than the validity of the Statute, or the defendants may hereafter waive their special appear-

ance and enter a general appearance, we shall reserve for future consideration all the alleged constitutional objections which have been insisted upon.

The decree appealed from must be reversed and the cause remanded for further proceeding in accordance with this opinion.

Decree reversed.

WHITFIELD, PJ. AND TERRELL, J., concur.

BUFORD, CJ., AND ELLIS AND BROWN, JJ., concur in the opinion and judgment.