STATE EX REL. GOLDSTEIN, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,262.)

(Submitted March 15, 1934. Decided April 4, 1934.)

[31 Pac. (2d) 311.]

476

Mr. *Harry Meyer*, for Relator, submitted an original and a reply brief and argued the cause orally.

Mr. *John K. Claxton*, for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On September 27, 1933, an action was commenced in the respondent court by KGIR, a corporation, against Jack Goldstein, trading and doing business as "Lubins," and Ben Goldstein. Ben Goldstein was never served with a copy of the summons or complaint. The return shows that purported service upon him was had by delivering a copy of the summons and complaint to "Jack Goldstein as the agent in Montana of Ben Goldstein." The default of Ben Goldstein was entered in the action on December 4. It is conceded by all parties that there was no proper service of process on Ben Goldstein. On December 11 the latter filed a motion to set aside the default. Whether this motion constituted a general appearance in the action is the only point involved in this proceeding. The district court, believing that it constituted a general appearance,

set side the default and allowed twenty days to file an answer to the complaint.

Relator, Ben Goldstein, applied to this court for a writ of prohibition. An alternative writ issued halting further proceedings in the action in the district court. Final hearing was had in this court on an order to show cause why the writ should not be made permanent. Respondents filed a motion to quash and an answer. The case is presented here without dispute as to the facts. As above stated, the sole question is whether the motion to set aside the default constituted a general appearance.

· The rule is well settled that a motion to set aside a default judgment on the sole ground of a want of jurisdiction over the person is a special appearance; but the rule is otherwise if the motion is based upon other grounds coupled with that of a want of jurisdiction. (4 C. J. 1341; 2 R. C. L. 332; note in Ann. Cas. 1914C, 696; *Hinderager* v. *MacGinniss,* 61 Mont. 312, 202 Pac. 200; *Beale* v. *Lingquist,* 92 Mont. 480, 15 Pac. (2d) 927.) It therefore becomes necessary to consider the grounds of the motion and ascertain whether it is based upon nonjurisdictional as well as jurisdictional grounds.

The motion recites that the movant appears specially for the sole purpose of the motion. It sets out fifteen separate grounds. Fourteen of them, though each differs from the other in phraseology, are conceded to be based upon the question of jurisdiction over the person. Respondents contend that the fourteenth ground presents a nonjurisdictional question, and that by incorporating it in the motion the movant made a general appearance in the action, warranting the action of the court.

The fourteenth ground reads: "That said facts set forth in the affidavits hereto attached constitute an excusable neglect and surprise upon the part of the said Ben Goldstein sufficient to warrant the court in setting aside said default."

Two affidavits were filed in support of the motion. One was by Jack, and the other by Ben, Goldstein. Briefly summarized, they show that the only service of process on Ben Goldstein

was that of delivering a copy of the complaint and summons to Jack Goldstein; that the latter was not authorized by the former as his agent to accept service of process; that Ben Goldstein is, and at the time of the purported service of process was, a resident of Spokane, Washington, and was not in the state of Montana, where service of process was supposed to have been accomplished; that he has a meritorious defense to the action on its merits; that knowledge of the default was not acquired until four days before the motion was filed. In addition to the foregoing, the affidavit of Ben Goldstein avers that no property of his has been brought under the jurisdiction of the court by the levy of an attachment.

It should be noted that the motion to set aside the default did not ask for any other relief. Leave was not sought to file an answer, nor was the sufficiency of the complaint questioned, as in *Smith* v. *Franklin Fire Ins. Co.*, 61 Mont. 441, 202 Pac. 751. No affirmative relief was asked against plaintiff, as in *Richardson Machinery Co.* v. *Scott*, 276 U. S. 128, 48 Sup. Ct. 264, 72 L. Ed. 497.

If we strike out of the affidavits all facts showing a want of service of process upon Ben Goldstein, there is nothing left in them to buttress the averments of paragraph 14 of the motion. There are no facts alleged in the affidavits to show either excusable neglect or surprise, other than the want of service of process. In other words, there is nothing in the affidavits showing that Ben Goldstein is relying upon any ground for the setting aside of the default inconsistent with the jurisdictional ground of a want of service of process. This is the test often applied in determining whether the appearance is general or special. (*Shelley* v. *Casa De Oro*, 133 Cal. App. 720, 24 Pac. (2d) 900; *Sage* v. *Oil etc. Co.*, 138 Kan. 501, 27 Pac. (2d) 542.)

The allegations with reference to the meritorious defense to the action were needless. (*Stubbs* v. *McGillis*, 44 Colo. 138, 96 Pac. 1005, 130 Am. St. Rep. 116, 18 L. R. A. (n. s.) 405.) They merely show that, if the default be not set aside, defendant will be damaged. The averments are immaterial,

and do not constitute a general appearance. (Compare *Driscoll* v. *Tillman*, 165 Wis. 245, 161 N. W. 795.)

The test applied by the Supreme Court of the United States in determining whether an appearance is general is whether the moving party becomes "an actor in the cause." (*Merchants' Heat & L. Co.* v. *Clow & Sons*, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488.)

The statement in the affidavit of Ben Goldstein showing that no attachment had been levied so as to bring his property within the jurisdiction of the court does not make the appearance general. (*Robinson* v. *Glover*, (S. D.) 244 N. W. 322.)

In *Deming Investment Co.* v. *Ely*, 21 Wash. 102, 57 Pac. 353, 354, it is said: "The test as to whether an appearance is general or special is usually the relief asked. If the granting of the relief requested in the appearance is consistent with a want of jurisdiction over the person, the defendant may appear for a special purpose, without submitting himself to the jurisdiction of the court for any other purpose." (See, also, *Hammond* v. *District Court*, 30 N. M. 130, 228 Pac. 758, 39 A. L. R. 1490; *Rorick* v. *Stilwell*, 101 Fla. 4, 133 So. 609.)

What was said in the case of *Bishop* v. *Fischer*, 94 Kan. 105, 145 Pac. 890, 893, Ann. Cas. 1917B, 450, has application here: "The plaintiffs' motion may be read in such a way as to indicate a general submission to the jurisdiction of the court, but here, as elsewhere in procedure, substance alone is to be regarded, and it is quite clear that the sole purpose was to challenge jurisdiction. The plaintiffs did not ask to be made parties, and the relief sought—the dissolution of the order—is entirely consistent with want of jurisdiction, and could be granted upon the hypothesis that the court had no jurisdiction. This relief was not asked because of error in granting the order or on the ground of irregularity aside from the question of jurisdiction. The plaintiffs desired no decree that they owned the property. Indeed, it would have been impossible for the court to adjudicate that fact as the case stood, on a simple motion and in the absence of the American Gas Company, which was not a party. The facts concerning the ownership

and location of the property were stated to show the character of the right invaded, that the plaintiffs were claimants of absolute property interests which the court lacked power to divest summarily by an ex parte order. Likewise the plaintiffs did not desire a decree that they were free from relations with the receiver in the marketing of gas and use of the pipes. The facts concerning those matters were stated to show that the plaintiffs were not related to the business of the receivership in any way which would give the court jurisdiction over them or over the property in controversy. Read in this way, the motion is consistent throughout with the idea of a special appearance to set aside the order for want of jurisdiction. While the plaintiffs ran some risk in thus attempting to exclude grounds of jurisdiction, the court is satisfied that such was their purpose, and, such being their purpose, the court will not enlarge the appearance to make it general.''

Here, as above stated, there were no facts averred warranting the court in setting aside the default on the ground of excusable neglect or surprise, except such excusable neglect or surprise as follows from the entry of a default without the service of process. Hence the motion contains but one ground, and that a jurisdictional one. The appearance of Ben Goldstein was special, not general.

Other contentions made by respondents have been considered by us, and we find they are without merit.

Let the permanent writ issue.

Mr. Chief Justice Callaway and Associate Justices Matthews, Stewart and Anderson concur.

Rehearing denied April 18, 1934.